IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00190-RM-MEH

ALEX DEAN,

    Plaintiff,

v.

MARKER VOLKL USA, INC.,
MARKER DEUTSCHLAND GmbH,
JARDEN CORPORATION,
LEONARD GREEN & PARTNERS, d/b/a Sports Authority, Inc., and
JOHN DOE,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Apposed [sic] Motion for Second Amended Complaint and Jury Demand [filed April 23, 2015; docket #29]. This matter is fully briefed, and the Court finds that oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

**I.    Background**

Plaintiff originated this action on January 28, 2015, then filed a First Amended Complaint as a matter of course on March 13, 2015 alleging essentially that Defendants were negligent and are strictly liable for a faulty ski binding that caused Plaintiff to lose control while skiing and to crash. Docket #13. Defendants filed an Answer on March 18, 2015 primarily denying Plaintiff's claims. Docket #14. Then, on April 2, 2015, Plaintiff filed an "unopposed" motion for leave to file a Second Amended Complaint; however, apparently there was some confusion during conferral between the

parties and the motion was not, in fact, unopposed. Accordingly, the Court denied the motion without prejudice and struck the Second Amended Complaint filed by the Plaintiff. Docket #27.

Thereafter, the Plaintiff filed the present motion seeking an order permitting him to add TSA Stores, Inc. as a Defendant in this case. Docket #29. Defendants object arguing that the proposed Second Amended Complaint includes Defendants who are not proper parties in the action and, thus, Plaintiff's amendment is futile. Docket #34. Plaintiff replies that Defendants admit they are real parties in interest and argues that, in fact, they are until it is proven otherwise. Docket #37.

**II.   Analysis**

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay" (*Frank*, 3 F.3d at 1365-66), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include

them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Defendants do not challenge the timeliness of Plaintiff's proposed amendments, and the Court finds that, particularly as it has not yet held a scheduling conference in this case, the proposed amendments are not untimely. Moreover, the Court finds that Plaintiff's amendments are not unduly prejudicial. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Here, the Defendants claim no prejudice resulting from the requested amendments and the Court perceives none, particularly where, as here, discovery has not yet begun and no trial has been scheduled.

Rather, Defendants argue Plaintiff's amendments would be futile as they are subject to dismissal. "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss ..., a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (citations omitted).

Because futility is based on whether a claim could survive a motion to dismiss, the applicable standards for resolving a motion to dismiss are relevant here. The purpose of a motion to dismiss

pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

Here, Defendants argue Plaintiff's proposed amended complaint would be subject to dismissal because "it fails to dismiss the improperly named parties." Docket #34 at 2. More specifically, Defendants argue that "the claims asserted against [Leonard Green & Partners, Marker Vokl USA, Inc. and Jarden Corporation] will not [with]stand a motion for summary judgment."

The Court notes that, despite Defendants' arguments that three of the named Defendants are "improperly named parties," they did not file a dispositive motion in response to the operative pleading, which names these three Defendants. Nevertheless, although the case law applies a Fed. R. Civ. P. 12(b) standard to a futility challenge of proposed amendments under Rule 15(a), it appears that Defendants' arguments primarily raise factual disputes, which are not properly adjudicated in

a Rule 12(b) motion.

In addition, in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter. *See Fluker v. Fed. Bureau of Prisons*, No. 07-cv-02426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009) (unpublished). The Court finds that Defendants' futility argument is more properly raised and adjudicated in a dispositive motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.* Considering that the denial of a motion to amend is a dispositive issue that may be only <u>recommended</u> by this Court, proceeding under Rule 12 or Rule 56 may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). Therefore, the Defendants will be better served by filing a Rule 12(b) motion in response to the amended complaint or a Rule 56 motion at the close of discovery, if they so desire. *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (unpublished).

## III.   Conclusion

Accordingly, in the interests of justice and efficiency, the Court **grants** Plaintiff's Apposed [sic] Motion for Second Amended Complaint and Jury Demand [<u>filed April 23, 2015; docket #29</u>]. The Plaintiff shall file Second Amended Complaint, located at docket #29-1, omitting any underlines or strike-throughs on or before June 12, 2015. Defendants shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 3rd day of June, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty, United States Magistrate Judge