**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No.   15-cv-00190-RM-MEH

ALEX DEAN,

      Plaintiff,

v.

MARKER VOLKL USA INC.,
LEONARD GREEN & PARTNERS, d/b/a SPORTS AUTHORITY, INC.,
MARKER DEUTSCHLAND GMBH,
JARDEN CORPORATION,
TSA STORES INC., d/b/a SPORTS AUTHORITY, and
JOHN DOE,

      Defendants.

---

## ORDER

---

This matter is before the Court on Defendants Marker Volkl USA, Inc., Jarden Corporation Leonard Green & Partners, d/b/a Sports Authority, Inc., TSA Stores, Inc., d/b/a Sports Authority, and John Doe's (collectively "Defendants") motion to dismiss (ECF No. 44) Plaintiff Alex Dean's Amended Complaint (ECF No. 39).  Defendants move to dismiss the Amended Complaint based upon the Court's lack of subject-matter jurisdiction due to the absence of complete diversity between the parties.  (ECF No. 44 at 3.)

For the following reasons, the Court GRANTS Defendants' motion to dismiss (ECF No. 44).

I.  **BACKGROUND**

Plaintiff brings state law claims against Defendants based upon alleged diversity jurisdiction. (ECF No. 39 ¶¶ 9, 17-54.)

II. **LEGAL STANDARDS**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss for lack of subject matter jurisdiction may be brought in two forms: "facial" or "factual." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A "facial attack" as to subject matter jurisdiction challenges the sufficiency of the complaint and in reviewing such a challenge, the Court must accept the allegations in the complaint as true. *Id*. A "factual attack" as to subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends and in reviewing such a challenge, the Court has discretion to consider documents outside the complaint. *Id*. at 1003. If undertaking a review of subject matter jurisdiction predicated upon a factual attack of the complaint, "a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id*.

Regardless of the type of challenge to subject matter jurisdiction, the plaintiff retains the burden of establishing subject matter jurisdiction. *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) (citation omitted).

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

III. **ANALYSIS**

Because Defendants' motion to dismiss is a "factual attack" (ECF Nos. 44 at 3; 44-1 at 1, Stephens Decl. ¶¶ 1-3), the Court may consider "other documents" to resolve disputed

jurisdictional facts. *Holt,* 46 F.3d at 1003 (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (citation omitted). Defendants submitted the declaration of TSA Stores, Inc.'s Risk Manager, Jay Stephens, who has personal knowledge that TSA Stores, Inc.'s corporate offices and headquarters are located in Colorado. (ECF No. 44-1 at 1, Stephens Decl. ¶¶ 1-2.) TSA Store Inc.'s corporate headquarters serve as the location from which the direction, control, and coordination of TSA Stores, Inc.'s operations come. (ECF No. 44-1 at 1, Stephens Decl. ¶ 3.)

Under 28 U.S.C. § 1332(c)(1), in pertinent part, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." The United States Supreme Court has concluded that

> 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [a]nd in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings. . . .

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The Court finds that TSA Stores, Inc.'s is a citizen of Colorado as its principal place of business is in Colorado.

Plaintiff is a citizen of Colorado. (ECF No. 39 ¶ 1.) Thus, TSA Stores, Inc. and Plaintiff are citizens of the same state.

"A case falls within the federal court's 'original' diversity 'jurisdiction' . . . only if there is no plaintiff and no defendant who are citizens of the same State." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (internal quotation and citations omitted); *accord Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011). The Court lacks diversity jurisdiction.

Because the Court lacks subject-matter jurisdiction, dismissal of this matter is without prejudice. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S 83, 94-95 (1998); *see Olsen v. Aebersold*, 71 F. App'x 7, 10 (10th Cir. 2003) (unpublished).

## IV. CONCLUSION

Based on the foregoing, the Court:

(1) GRANTS Defendants' motion to dismiss (ECF No. 44); and

(2) DISMISSES WITHOUT PREJUDICE Plaintiff's Amended Complaint (ECF No. 39).

DATED this 7th day of October, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge